IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

ALEXANDRA PATRICE BERTOLOTTI,

    Plaintiff,

V.                                                                   CIVIL ACTION NO. 3:09-0952

DR. SANDRA PRUNTY, Professor,
Marshall University School of Nursing,
College of Health Professionals, et al.,

    Defendants.

**FINDINGS AND RECOMMENDATION**

    Alexandra Patrice Bertolotti, proceeding *pro se*, has sued Marshall University, its President, the Dean of the School of Nursing, a Professor of the School of Nursing and others asserting disability discrimination claims under Part A of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134. In a lengthy complaint she alleges, *inter alia*, that she is beginning her third year as a student in Marshall University's School of Nursing, that for the Spring term of 2009 she was enrolled in Nursing 319, a prerequisite for "advancing to the next course, Nursing 323," that she received a score of 74.4125% in Nursing 319, and that she was given a D grade for the course. Plaintiff states that the numerical range for a C is 75-84, for a D is 65-74 and that the syllabus lacks instructions on how a final grade is to be determined when, as in her case, a score falls between grades. While it appears that professors are given discretion to round up to a higher grade, the professor teaching Nursing 319 refused to do so in her case. Plaintiff asserts that

this professor has expressed bias against her because of her disability and that the professor unfairly modified course requirements to benefit other students, a modification which adversely affected her grade.

It is required that a student enrolling in Nursing 323 obtain at least a C grade in Nursing 319. Nursing 323, however, is offered only once a school year and classes began on August 24, 2009. If plaintiff is unable to take Nursing 323 this fall an additional year of school will be required in order to graduate. In her complaint plaintiff seeks, in addition to compensatory and punitive damages, injunctive relief ordering Marshall University to allow her to enroll in Nursing 323. Her "Petition for Injunctive Relief" was construed as a motion for temporary restraining order and a hearing conducted on August 25, 2009. Notice of the hearing was given Marshall University's general counsel and counsel representing Marshall University was present.

While only proffers of evidence were received at the hearing, and it is obviously quite early in the development of the evidence in this case, based upon those proffers it appears that many of the issues plaintiff has with Marshall University arise out of matters other than incidents or issues related to her ADA claims.[1] As a consequence, at this stage of the proceedings, plaintiff's likelihood of success in the underlying dispute is not established. Moreover, the necessity of one additional year of college, though clearly significant, is not an irreparable injury and, if plaintiff is successful in the underlying suit, she would clearly be entitled to, *inter alia*, compensation for the added expense of the additional year. Finally, nothing presented indicates that the public interest lies with granting the relief plaintiff seeks.

---

[1] A major issue seemingly arises out of the rounding up of numerical grades.

## RECOMMENDATION

Believing that plaintiff has not made a "clear showing of irreparable harm"[2] it is **RESPECTFULLY RECOMMENDED** that the motion for temporary restraining order be denied.

The Clerk is directed to transmit a copy of this Order to the pro se plaintiff and counsel of record.

FILED: August 26, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]The Scotts Company v. United Industries Corporation, 315 F.3d 264, 271 (4th Cir. 2002).